UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD N. HY,

                Plaintiff,

v.                                            **DECISION AND ORDER**
                                                            11-CV-1075S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

       1.      Plaintiff challenges an Administrative Law Judge's ("ALJ") decision, dated May 4, 2011, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. Plaintiff filed an application for disability insurance benefits, alleging that he became disabled beginning June 15, 2009. He now contends that the ALJ's determination is not based upon substantial evidence, and therefore reversal is warranted.

       2.      On April 28, 2011, the ALJ held a hearing at which Plaintiff and a vocational expert testified. After consideration of the evidence, including Plaintiff's medical records, the ALJ denied Plaintiff's application for disability insurance benefits. On October 26, 2011, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action challenging Defendant's final decision in this Court on December 20, 2011.

       3.      Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on July 23, 2012. Plaintiff also moved for

1

such judgment in his favor on the same date. This Court finds the matter fully briefed and oral argument unnecessary. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano*,* 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his

3

> past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 15, 2009, the alleged onset date (R. 19);[1] (2) Plaintiff has the following severe impairments: degenerative disc disease of the thoracic and lumbar spines; disc herniations at the L5-S1, T7-8, and C5-6 levels, "lower extremity venous reflux; status post carpal tunnel release; coronary artery disease; dyspnea secondary to coronary artery disease; and obesity" (R. 19); (3) neither these impairments nor any combination of impairments meets or medically equals a recognized disabling impairment under the regulations (R. 19);

---

[1] Citations to the administrative record will be designated as "R."

(4) Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with certain additional limitations (R. 20); and (5) Plaintiff is incapable of performing his past relevant work as a plumber, but he acquired work skills from that job that are transferable to other occupations, such as dispatcher. (R. 25-26.)

10. Plaintiff first contends that the ALJ failed to give adequate weight to the opinions of his treating sources. In his decision, the ALJ gave "significant weight" to the opinion of the consultative examiner Dr. Balderman, who found that Plaintiff had only a mild limitation in bending and lifting due to lumbar spine pain. (R. 23, 334.) He then gave "[s]ome weight" to the opinions of Plaintiff's treating physicians Dr. Huckell and Dr. Beaupin. (R. 24.) Contrary to Plaintiff's assertion, (Pl's Mem of Law at 16), the ALJ neither discounted nor rejected the opinions of Plaintiff's treating physicians. Instead, the ALJ expressly relied on the light exertional limitations consistently imposed by these physicians and reduced Plaintiff's maximum exertional level to sedentary. (R. 24; see R. 527, 610.) Further, although each treating physician noted that Plaintiff "should avoid sitting, standing or walking for more than 2 hours at one time and the total work day should not exceed 8 hours," (R. 527, 610.), the ALJ incorporated this requirement into the hypothetical posed to the vocational expert by inquiring whether the dispatcher job could be performed with an at will sit/stand option. (R. 51.)

11. Plaintiff's next contention that the ALJ ignored "significant probative evidence" of an "edema limitation" is also without merit. (Pl's Mem of Law at 17-18.) Notably, there is no allegation or finding that Plaintiff suffers from any limitation specifically related to

5

edema alone.[2] Instead, the lower extremity edema referenced in Plaintiff's medical records was found to be "largely from venous reflux/venous insufficiency," an ailment expressly referenced and discussed in the ALJ's decision. (R. 19, 22, 331, 359, 360-62.) Indeed, the ALJ limited Plaintiff to sedentary work after consideration of "the effects of the claimant's coronary artery disease and *venous reflux*." (R. 22 (emphasis added).) Further, Plaintiff's medical records reflect that the "lower extremity swelling is worse obviously when he stands for long periods of time," a symptom also taken into account by a sedentary RFC. (R. 360.)

12.     Plaintiff further argues that the ALJ improperly determined that he acquired skills during his previous work as a plumber that were transferable to the position of dispatcher. (Pl's Mem or Law at 18-21.)  In his decision, the ALJ relied on the vocational expert's testimony that someone with Plaintiff's background and residual functional capacity could perform the job of a dispatcher utilizing skills acquired in his past relevant work as a plumber. (R. 26.)  During the hearing, the vocational expert explained that this was a dispatcher "in the industry," i.e. plumbing, and that the transferable skills were "knowledge of product and knowledge of work schedules." (R. 50.)

Plaintiff relies on Draegert v. Barnhart for his assertion that a person's knowledge of product and work schedules is not a skill, but a general aptitude. 311 F.3d 468, 476 (2d Cir. 2002).  In Draegert, the transferable "skills" found by the ALJ were the ability to learn, use reason, think clearly, keep physically fit, use personal judgment, and change easily from one task to another. Id.  The Second Circuit found these to be generic abilities

---

[2]An edema is "an abnormal excess accumulation of serous fluid in connective tissue or in a serous cavity." Merriam-Webster's Medical Dictionary 200 (1993).

unrelated to the specific requirements of the claimant's past work.  Id.  In contrast, transferable skills referred "to learned abilities which combine knowledge with coordinated physical movements, such as operating a typewriter, or a learned mental discipline, or *an area of expertise*." Id. at 475 (emphasis added)(citing Ellington v. Sec'y of Health and Human Servs., 738 F.2d 159, 161 (6th Cir. 1984)).

This Court agrees with Defendant that Draegert is distinguishable from the instant case.  By specifically discussing the possibility of Plaintiff's ability to work as a dispatcher "in the industry," the vocational expert's testimony clearly contemplates Plaintiff's knowledge of product used in the plumbing industry and his understanding of the time required to perform tasks within that field. (R. 50.) Thus, the vocational expert's testimony, on which the ALJ relied, contemplates more than a generic ability to manage one's time, but instead references Plaintiff's acquired "area of expertise" in the plumbing industry.  Draegert, 311 F.3d at 475.

13. Finally, Plaintiff argues that the ALJ's credibility determination was not supported by substantial evidence where his "statements were not inconsistent with those of his treating sources," Dr. Beaupin and Dr. Huckell. (Pl's Mem of Law at 21.)  As concluded above, however, the ALJ credited those treating source statements and further reduced Plaintiff's RFC accordingly.

14. For the foregoing reasons, the Court concludes that the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence.  Plaintiff's Motion for Judgment on the Pleadings is denied, and Defendant's motion is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: March 28, 2013
       Buffalo, New York

                                   /s/William M. Skretny
                                  WILLIAM M. SKRETNY
                                       Chief Judge
                                 United States District Court